No. 54.—BENNETT CRAFTON, executor of JAMES BEAL, deceased, plaintiff in error, *vs.* NATHAN BEAL, adm'r., and MARTHA BEAL, adm'x. of ROBERT BEAL, deceased, defendants in error.

The testator left a will, naming several executors, to whom he bequeathed in trust for certain grandchildren a portion of his estate. One of the executors only qualified; and, receiving the trust property, afterwards died intestate, before the trust, thus devolved on him, was entirely executed. After his death, another of the executors named in the will came forward, and qualified within the twelve months provided by statute. The last-qualified executor is entitled to the possession of the unadministered portion of the trust estate, and not the administrator of such deceased executor. \

The administrator of a deceased executor is not the representative of his testator.

This was a bill in equity, dismissed upon demurrer, before Judge Alexander, in Muscogee Superior Court, at May Term, 1846.

The facts shown by the bill, so far as they are material to this question, being stated in the opinion of the Supreme Court, it is deemed unnecessary to set them forth here.

HINES HOLT and G. E. THOMAS, for the plaintiff in error.

HENRY L. BENNING, for the defendants in error.

*By the Court*—WARNER, Judge.

It appears, from the record in this case, that James Beal, late of the county of Richmond, departed this life, leaving a will, whereby he disposed of his property, and appointed Robert Beal, Walton Harris, and Bennett Crafton, his executors, to execute the same. By one clause of the will of the testator, he bequeathed certain property to his executors, in *trust* for his two grandchildren, Elizabeth Tankersly Crafton and Samuel Bennett Crafton, to be distributed, as they should marry or become of age. Robert Beal, only, qualified as the executor of James Beal; the other two executors did not qualify. Before the trust was entirely executed by the executor, Robert Beal, under the clause of the will above mentioned, he departed this life, in the month of June, 1840, *intestate*, in the possession of the said trust estate. In the month of September following the death of Robert Beal, Bennett Crafton, one of the executors of James Beal, came forward, and qualified as such executor. Martha Beal, the widow of Robert Beal, the first-qualified executor of James Beal, took out letters of administration on the estate of her deceased husband, and thereby became possessed of the trust property belonging to the estate of James Beal. Afterwards, she intermarried with Nathan Beal, who became administrator, in right of his wife Martha. Bennett Crafton, as the executor of James Beal, filed his bill against Martha Beal, administratrix of Robert Beal, and Nathan Beal, administrator of said Robert, in right of his wife, to account for, and pay over to him, the trust property in their hands, belonging to the estate of James Beal. To this bill the defendants filed a general demurrer, for want of equity. On the part of the defend-

Crafton *vs.* Beal et al.

ants in error, it was insisted, that inasmuch as the qualified executor, Robert Beal, died in possession of the trust property, the defendants, as his administrators, have the right to retain it, and execute the trust, as directed by the will of James Beal; and so the court below decided, and sustained the demurrer, and dismissed the complainant's bill, which decision of the court below is now assigned for error in this court. We are of the opinion, the court below committed error, in sustaining the demurrer and dismissing the complainant's bill. By the will of James Beal, the execution of the trust therein specified devolved upon his executors, in whom the testator is supposed to have had confidence. The death of Robert Beal, the only qualified executor, does not deprive the other executors from qualifying, and executing the trust, in accordance with the intentions of the testator, provided they do so within the time prescribed by the act of 1810.—*Prin. Dig.* 239. The act of 1810 was intended to reach just such cases as the one now before us, as its preamble declares : " Whereas, it frequently happens that a person appoints, in his last will and testament, two or more executors, one of whom, only, qualifies under the said will ; and if such qualified executor dies, the other executors, nominated in the will of the testator, cannot qualify, by which means the estates of the testator are placed in the hands of an administrator *de bonis non*, with the will annexed, and the *person in whom the testator confided prevented from acting ;* for remedy whereof, Be it enacted, that from and after the passing of this act, it shall and may be lawful for any executor, named in the will of the testator, to qualify under the said will, at any time ; provided the qualification of one or more takes place within twelve months after the decease of the testator; provided, also, that the executor and executors, who do not qualify within twelve months from and after the decease of the testator, one of whom shall do so, within twelve months after the decease of the only qualified executor." It is admitted, the executors qualified within the time prescribed by the statute　But the defendants in error are not even administrators *de bonis non, with the will annexed,* on the estate of James Beal ; they are only administrators on the estate of Robert Beal, and yet claim the right to execute the trust devolved on the executors of James Beal, by his last will and testament, as against one of those executors who is the plaintiff in error. The administrators of Robert Beal do not represent the estate of James Beal ; although Robert was the qualified executor of James, even if there had been no other executor but Robert. " If the first executor dies *intestate,* then his administrator is not the representative of the testator ; but an administrator *de bonis non* of the original testator, must be appointed by the ordinary."—1 *Williams' Exrs.* 133–4 ; *Toller's Law of Exrs.* 68–9. We are, therefore, of the opinion, that the plaintiff in error, as the qualified executor of James Beal, deceased, is entitled to the possession of the trust property, for the purpose of executing the trust devolved upon him by the last will and testament of the testator. Let the judgment of the court below be reversed, and the cause reinstated.