No. 75.—Seaborn J. Thompson, plaintiff in error, vs. The Central Bank of Georgia, defendant.

[1.] When a Sheriff has received money on a *fi. fa.* the Statute of Limitations begins to run in his favor from the time it was received.

[2.] Exceptions to the sufficiency of a rule against the Sheriff, taken upon the trial eighteen months after the filing of the rule, come too late.

[3.] A new trial granted upon the ground of newly discovered evidence.

Rule against Sheriff, in Troup Superior Court.    Tried before Judge Hill, November Term, 1850.

An execution in favor of the Central Bank of Georgia against Benjamin P. Robertson, returnable to October Term of Troup Superior Court, 1843, was placed in the hands of Seaborn J. Thompson, the plaintiff in error, then Sheriff of Troup County. The money was raised partly by levy and sale, and partly by payment by defendant in the execution, by the 5th day of September thereafter, and was duly credited by the Sheriff on the execution.    At the May Term of Troup Superior Court, 1849, a rule *nisi* was taken, calling on the said Thompson to show cause why he should not be required to pay over the money to plaintiff or his attorney.    The Sheriff answered and showed for cause, that he paid the money to plaintiff's attorney a short time after it was raised, and also answered, that more than four years had elapsed after the term of the Court to which the execution was returnable, and that, therefore, the remedy of plaintiff was barred by the Statute of Limitations.    The plaintiff traversed this answer, and issue was joined.

The trial upon this issue came on at the November Term, 1850, of the Court, when counsel for the Sheriff moved the Court to discharge the rule—

1st. Because it did not sufficiently set forth the *fi. fa.* on which it was taken; not setting forth the amount of the *fi. fa.* either principal, interest or costs; and

2d. Because the rule showed, on its face, that it was barred by the Statute of Limitations.

The Court overruled both grounds, and counsel for the Sheriff excepted.

The Court charged the Jury, that the Statute of Limitations did not commence to run in favor of the Sheriff, until the Sheriff caused notice to be given to the plaintiff or his attorney, of the collection of the money; that such notice must be shown by the Sheriff to have been given, and that the notice must be *actual*, not constructive, and that the law did not presume the money collected at the term of the Court to which the execution was returnable. To which rulings and charges of the Court below, counsel for Sheriff excepted.

The Jury returned the issue against the Sheriff, and the Sheriff moved for a new trial, on the following grounds:

1st. Because the Court erred in refusing to sustain the motion to discharge the rule, on the ground that said rule did not sufficiently set forth the *fi. fa.* on which it was taken, after issue joined.

2d. Because the Court erred in refusing to sustain the demurrer to the rule, on the ground that it showed, on its face, that the plaintiff's remedy was barred by the Statute of *Limitations*.

3d. Because the Court erred in deciding that the Statute of Limitations did not begin to run in favor of the Sheriff until notice was given to the plaintiff or his attorney, that the money was collected, and that the law did not presume notice at the term to which the execution was returnable.

4th. Because the Court erred in charging the Jury, that such notice must be actual, and that constructive notice was not sufficient.

5th. Because, since the rendition of the verdict, the Sheriff had discovered new, important and material testimony, to wit: that he was informed by one Nathan L. Atkinson, a citizen of said County, that he, the said Nathan, heard Gen. Hu. A. Haralson, plaintiff's attorney in the said *fi. fa.* say, that he, the said attorney, found, from memoranda in his possession, that the defendant (Sheriff) was entitled to a credit of $40, paid on said *fi. fa.* in September, 1843, &c. which evidence was not known to the Sheriff until after the verdict was rendered.

The Court. overruled the motion for a new trial, and the Sheriff excepted, and thus the case comes up for a review.

B. J. HILL, for plaintiff in error.

W. DOUGHERTY, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The Sheriff collected the money in this case, before the return term of the execution, as appears by his entries upon it. There is no doubt but that he is entitled to the protection of the Statute of Limitations. This is well settled. The only question made here is, at what time does the Statute commence to run in his favor? We are not called upon to say at what time the Statute commences to run in all cases where the Sheriff is liable to an action. Our judgment, now, is confined to the case made in this record. This was a rule to pay over money—it is a proceeding to compel him to pay money collected. The inquiry is the same that it would be if an action had been instituted for it. No question was made as to the form of the remedy. The rule is, that the Statute begins to run at the time when the defendant becomes liable to suit. We have, then, to determine at what time a Sheriff is liable to an action at the instance of the plaintiff in execution, for money collected. He is liable either from the time when he collects the money, or from and after a demand made, or after notice on his part to the plaintiff that the money is in hand. The presiding Judge ruled, that the Statute did not begin to run in his favor until he had given notice, actual notice, that the money was collected, and he must have so ruled, upon the ground that he is not liable to an action until the notice was given. Our opinion is, that it begins to run from the time when the money is, in fact, collected, because at that time we hold him liable to be sued for it. In cases where there is a claim to the fund, or any proceeding instituted which suspends it in his hands, the liability and rights of the Sheriff would be different. In a question between the plaintiff in exe-

cution and the Sheriff alone, as to the payment over of money collected, we mean to say, that the Statute will start from the time when it is collected. According to the exigencies of the writ of *fieri facias*, he is required to have the money in Court at the term next following the judgment. Such is its mandate to him. He is required to produce then the writ, with the money, and a return of his actings and doings thereon. If he does this, his duty is fulfilled; and, in such case, if the money is paid into Court under its order, he would doubtless be discharged. But although he need not collect before that time, yet he is at liberty to proceed at once, after receipt of the execution, to a levy, and may receive the money at any time. Indeed, he defers a levy at his peril. If, then, he does collect the money before the return term, is there any law which relieves him from the obligation of paying it over at once? I know of none. He can pay it to the plaintiff in *fi. fa.* at once, and his receipt will be a protection. An order of the Court to pay to the plaintiff, when there is no contest about the fund, is not necessary for his protection; and if he does pay it, this is a part of his actings and doings which he ought to return. The law requires him to keep a docket of all his proceedings under each execution, which he is required to produce at Court, and which is intended to be a perpetual memorial and protection to him, as well as a warning and notice to the world. This is as good a law as any in the Digest, and yet it is pretty much a dead letter. The Courts ought to require its strict enforcement in every County in the State. When the money is collected, and the Sheriff enters the fact on the execution, as he did in this case, how stands the matter? Why thus: the Sheriff has in his hands so much money for the use of the plaintiff, and the entry is evidence of it. The Sheriff, because he is Sheriff, does not occupy a position more favorable than the position of any other person who has collected money for the use of another. I know there are cases of factors and others, where the holder of money is not liable to suit until demand made. This is not one of them. The receipt of the money makes the Sheriff the debtor of the plaintiff in execution, and he is bound to pay it to him by virtue of his office as

Sheriff.   It is part of the business of his office to collect and *to pay over* money.   When the money comes to his hands, the law implies a promise to pay it to the plaintiff, and upon that promise an action will lie.   No demand is necessary.   I am aware that in these cases, and in the analagous case of attorneys, the authorities as to demand are not uniform; but the weight of authority is, that no demand is necessary.   If no demand is necessary, the liability depends upon the fact of receiving the money. Under this view of it, how can a notice to the plaintiff vary the matter?   A notice, actual or constructive, by virtue of the return, may have the effect of showing that he has not used the fund— that he is acting in good faith, and will strip the plaintiff of all shadow of ground of complaint, if he lies by until the Statute bars his claim.   But the liability of the Sheriff does not depend upon notice.   It grows out of a promise which the law predicates upon the receipt of the money.   Wherever there is a right on one side and a duty on the other, founded on a sufficient consideration, the law implies a contract between the parties, and an action will lie for its enforcement.   1 *B. & Adol.* 415.   3 *Ad. & Ellis, N. S.* 511, 526.   *Dale vs. Birch,* 3 *Camp.* 347.   *Longdille vs. Jones,* 1 *Starkie,* 845.   *Brewster vs. VanNess,* 18 *Johns. R.* 133.   *Dygert vs. Crane,* 1 *Wend.* 534.   2 *Philips' Ev.* 225. 3 *B. & Ald.* 696.   *Chitty on Contracts,* 641.   4 *Wendell,* 675. *Cater, assignee, &c. vs. Stokes,* 1 *M. & Selw.* 600.   *Stafford vs. Richardson,* 15 *Wend.  Paley, Agency,* 71, note o.   *Nisbet vs. Lawson,* 1 *Kelly,* 281.   *Salk.* 9.   *See contra,* 2 *Baily's S. C. R.* 51. 1 *N. & McCord,* 214.

If the plaintiff may proceed against the Sheriff at and from the receipt of the money, it is quite reasonable that he should be protected by the Statute.   In no case is the bar of the Statute so little a hardship as in this case.   The obligation of diligence is as great upon him as upon any other creditor, with better means of knowing his rights, and also of enforcing them.   The execution itself and the entries upon it, are open to his inspection.   The law requires the Sheriff at each term, to report to the Court, for his benefit, among other things, his actings on the execution; and if he fails to make return of what he has done,

the plaintiff can, by summary process of rule, at each and every term of the Court, require him to do so. He is presumed to be always present in Court, by his counsel. He need not, unless he wills it, be ignorant of the fact that his money is collected; and if he fails to proceed to collect it within the statutory term, he is without excuse.

[2.] The exception to the rule, that it did not sufficiently set forth the *fi. fa.* was taken on the trial of the issue, about eighteen months after the rule was filed, and when the parties were before the Jury. We think it came too late.

[3.] A new trial ought to have been granted on the ground of newly discovered evidence. The showing, in this regard, was within the rule. The evidence was not cumulative; for admitting that there was evidence as to a payment, yet there was none about the payment of the forty dollar item, about which the witness, Atkinson, heard Gen. Haralson make the admissions.

No question was made whether or not the Statute of Limitations would run against the Central Bank.

Let the judgment be reversed.