THE GOVERNOR, for the use of JOHN RUTHERFORD, plaintiff in error, vs. JOHN RALEY and his securities, defendants in error.

Where a Sheriff collects money on a fi. fa. it is his duty to pay it over to the Attorney of record, and it is the duty of such attorney to compel him to do so. If the attorney neglect to compel payment by the Sheriff within a reasonable time, he becomes personally responsible to his client; and if, upon demand, he pay the sum so collected to his client, he has a remedy by action on the Sheriff's bond, under the judiciary act of 1799.

Case on Sheriff's bond. Decision by Judge LOCHRANE. In Twiggs Superior Court. March Term, 1863.

Rutherford, as an attorney at law, received from Brown's administratrix for collection, a note on Parker, and gave out his receipt for the same. He put the note in suit in Bibb Inferior Court, and the result was a *fi. fa.* in favor of his client for principal, interest, and cost.

Raley, as Sheriff of Twiggs county, collected the whole amount of the *fi. fa.*, as was shown by his receipt thereon signed officially, and dated August 21st, 1856.

Rutherford, in the latter part of the year 1859, on final

settlement with his client's successor, Brown's administrator *de bonis non*, paid up the principal and interest of the *fi. fa.* taking from the administrator *de bonis non* an obligation to refund, in case it should afterwards appear that the proceeds of the *fi. fa.* had already been accounted for to Brown's estate ; the obligation reciting that it was not then shown that either Raley the Sheriff, or Rutherford the attorney, had previously paid over the money. Rutherford then, to the March term 1860, of Twiggs Superior Court, brought, in the name of the Governor for his use, an action on the case upon the Sheriff's bond. The declaration alleged a breach of the bond, to Rutherford's injury, by the default of the Sheriff in not paying over to the plaintiff in *fi. fa.*, or to her attorney, the money collected and receipted for as above specified.

There was, as to Raley himself, a return of *non est inventus*, and the suit proceeded against his securities alone. These pleaded to the action : 1st, *Nil debet ;* 2d, That they were discharged by the neglect of the plaintiff to demand the money of the Sheriff, their principal, for some two or three years after the right of action accrued ; and 3d, That if the plaintiff had been vigilant, neither he nor they would have been injured ; because the Sheriff, their principal, up to the time when he left the State, some two years or more after the right of action accrued, was perfectly good and solvent.

The cause came up for trial, on the appeal, at the March term 1863, of Twiggs Superior Court, when it was admitted that the plaintiff had receipted for the note upon which the *fi. fa.* was founded, expressing in the receipt that the note was taken for collection. The plaintiff gave in evidence the Sheriff's bond, the *fi. fa.* with the Sheriff's receipt thereon, the fact of payment by the plaintiff to Brown's administrator *de bonis non*, with the written instrument containing the terms of that settlement as above set forth. He also proved that he had been the general attorney of the plaintiff in *fi. fa.* Here the plaintiff closed his case, and the defendants moved for a nonsuit ; or, to follow the record more closely,

they moved, in substance, for a nonsuit, by objecting to the plaintiff's right to recover, urging mainly a want of privity between him and the defendants. The Court, after hearing argument, held, not only that there was no privity, but that Rutherford, in paying the amount of the *fi. fa.*, acted from a nice sense of professional honor, and that admitting his liability, the measure of damages which the plaintiff in *fi. fa.* could have recovered against him for negligence, was not necessarily the amount of the judgment; also, that under the facts of the case, he, Rutherford, had no right to maintain this action against the Sheriff's securities.

The Court, though declining to order a nonsuit, announced that the substance of this decision would be given in charge to the jury as the law of the case; whereupon, the plaintiff submitted to a nonsuit, and brought his bill of exceptions, alleging that the decision of the Court was erroneous.

RUTHERFORD and E. A. NISBET, for plaintiff in error.

No appearance for defendant.

*By the Court.*—JENKINS, J. delivering the opinion.

The Court below held that the plaintiff could not recover : 1st, Because there was no privity between him and the defendants ; 2d, That the amount paid by Rutherford, or which might have been recovered against him by his client for negligence, was not a proper measure of damages in this case ; 3d, Because Rutherford has no right to maintain this action against the sheriff's securities.

[1.] As regards the question of privity, it may be said that the parties to the record, plaintiff and defendants, are the obligee and the obligors of the bond upon which the suit is instituted, and that, therefore, in a strictly technical point of view, there is no lack of privity. But the nominal plaintiff has no interest in the suit—merely sues for the use of

Rutherford, who is to be benefited by the recovery. The question then is, as to privity between the usee and the defendants. The instrument upon which this action is founded is an official bond—a sheriff's bond. The principal and his sureties thereby bind themselves to the Chief Magistrate of the State, in a penal sum, for the faithful discharge by the former, of his official duties. It is a statutory bond, and to the statute we must look to ascertain the legal consequences resulting to the obligors, from its execution and delivery. This bond was required by the 46th section of the Judiciary Act of 1799.—*T. R. R. Cobb's Digest*, 575.

That section provides that the Sheriff's " bond shall remain in the office of the Clerk of the Superior Court of such county, (the county for which the Sheriff is commissioned,) and may be sued for by order of the said Court, for the satisfaction of the public or persons aggrieved by the misconduct of the Sheriff or his deputy." This statute gives a right of action upon the bond to any person so aggrieved. All, then, that the usee in such an action is required to prove is : 1st, That the Sheriff had been guilty of misconduct ; 2d, That he has been thereby aggrieved ; and 3d, The amount of injury he has sustained. This proof being made, the statute supplies the privity by giving the right of action.

The misconduct of the Sheriff is established by the proof that he collected the sum of money due upon a *fi fa* in favor of Brown's administrator vs. Parker, and failed to pay it over to the plaintiff or his attorney. In *Thompson vs. The Central Bank of Georgia*, 9 *Ga.*, 417, this Court held that " It is part of the business of his office to collect and *pay* over money. When the money comes into his hands, the law implies a promise to pay it to the plaintiff, and upon that promise an action will lie. No demand was necessary." It will scarcely be questioned that the plaintiff in the execution under which the money was collected, had he not been otherwise satisfied, might have recovered upon this evidence.

But how does a right of action accrue to Rutherford ? He was the attorney of record in the judgment by virtue of

which the money was collected. He stood between the plaintiff in execution and the Sheriff. It was his duty to compel the Sheriff to pay over the money to him or to the plaintiff. His neglect to do so within a reasonable time, made him liable to respond to his client for the sum collected by the Sheriff.—*Nisbet vs. Lawson*, 1 *Ga.*, 281.

This responsibility was enforced upon him by the plaintiff's demand. He did not abide a suit. He knew his liability and met it like an honorable attorney. He paid the money to his client. To this payment he became liable by the misconduct of the Sheriff, and he, therefore, was aggrieved by it. He did no more than his duty—than the law would have compelled him to do—but the doing it, transferred the grievance from his client to himself. And if that grievance would have given a right of action to his client before payment by him, why not to him, after such payment?

[2.] We see no force in the point as to the measure of damages. "The amount of the debt is, *prima facie*, the measure of damages."—17 *Ga.*, 632. It may be "The actual loss of the parties injured."—*Ibid.*, 632–3. Rutherford should have responded to his client for the amount collected by the Sheriff, with interest, and this would be the measure of his damage.

[3.] If Rutherford had a right of action against the Sheriff, he had also against his securities, for they, by their bond, made themselves responsible for the misconduct of their principal.

We, therefore, reverse the judgment of the Court below, and order the nonsuit set aside.