BANK OF COMMERCE *v.* NEW YORK LIFE INSURANCE COMPANY.

ATKINSON, J. 1. This case was before the Supreme Court on a former writ of error (125 *Ga.* 552, 54 S. E. 643). The rulings then made are binding, and are conclusive, unless, on the second trial, the facts were substantially different from those on the first trial. The decision then made is not subject to review or reversal in the same case.

2. On the second trial there was nothing to change the application of the decision formerly made by this court. Nor do the rulings made by the court, either on the pleadings or the evidence, or in directing a verdict, require a reversal.

*Judgment affirmed. All the Justices concur, except Evans, P. J., disqualified.*

Argued February 12,—Decided August 15, 1908.

Action on insurance policy. Before Judge Littlejohn. Sumter superior court. January 18, 1907.

*W. P. Wallis,* for plaintiff.

*E. A. Hawkins* and *J. H. McIntosh,* for defendant.

---

CORBIN *v.* SHIVER *et al.*

BECK, J. 1. A petition in a suit brought to recover an undivided interest in certain lands, alleging that the land had belonged to the estate of a named decedent and had been set apart as a year's support for the widow and the minor children of the decedent, that the widow, after the setting aside of a year's support, sold and conveyed the lands to a named party, and that the latter had, in turn, conveyed the property to his vendee, states no cause of action entitling the petitioner to recover against those who derive title from the vendee of the widow, where the plaintiff in the suit relies for a recovery upon the fact that he was one of the minor children of the decedent and the widow at the time of the setting apart of the year's support, but has since married, there being no allegation in the petition that the sale of the land by the widow was for purposes other than those contemplated by the statute creating the right of a year's support for the family of the decedent. *Miller* v. *Miller,* 105 Ga. 312 (31 S. E. 186) ; *Howard* v. *Pope,* 109 *Ga.* 259 (34 S. E. 301) ; *Bridges* v. *Barbree,* 127 *Ga.* 679 (56 S. E. 1025).

2. As the petition in this case stated no cause of action against the defendants, the court erred in overruling a general demurrer thereto.

*Judgment reversed. All the Justices concur.*

Submitted February 14,—Decided August 15, 1908.

Complaint for land. Before Judge Spence. Mitchell superior court. April 17, 1907.

*Bennet & Cox,* for plaintiff in error.