MORRISON, administrator, *et al. v.* SLATON, Governor, for use, etc.

1. Where a suit was instituted on the official bond of a sheriff, against the administrator of the executor of the will of the sheriff and the

surety on the bond, to recover damages for breach of official duty by the sheriff, and separate demurrers were filed by the defendants upon identical grounds, namely, (1) that the petition set forth no cause of action against either defendant; (2) that if the allegations stated a cause of action, it appeared that the cause of action was barred by the statute of limitations; and where the trial court sustained both demurrers and entered separate judgments on each, which ordered a dismissal of the action, and the plaintiff excepted to that decision, and on review the Supreme Court held that the action was upon the official bond of the sheriff, and as such set forth a cause of action that was not barred by the statute of limitations, and reversed both judgments, and the judgment of the Supreme Court was duly made the judgment of the trial court, the judgment of reversal became the law of the case as to the bond company, but not as to the other defendant, it appearing that the decision as to him was based upon a misconception of the record.

(a) The liability of the principal and surety upon the sheriff's bond was joint and several.

2. Where a sheriff sells land as the property of an unrepresented estate, for taxes, and, after payment of the taxes and cost, a surplus remains in his hands, and his term of office expires and he thereafter dies, and a number of years ensue before there is any administration upon the estate of the person whose property has thus been sold, in a suit by the administrator upon such estate upon the official bond of the sheriff, interest should be counted from the date of the qualification of the administrator.

No. 598. August 14, 1918.

Questions certified by Court of Appeals (Case No. 8305).

*William H. Fleming, Cumming & Hull,* and *Barrett & Hull,* for plaintiffs in error. *Callaway & Howard,* contra.

ATKINSON, J. 1. The Court of Appeals has requested instructions upon certain questions of law, the nature of which will sufficiently appear from the opinion following.

The exception was to a judgment refusing a new trial, in which the defendants complained of the direction of a verdict for the plaintiff. The suit was against a surety company that had become surety on the official bond of a sheriff, and against the administrator upon the estate of the executrix of the will of the sheriff, she being also his sole legatee. Copies of the bond and of the will were set out in the petition, and the bond showed that the obligations of the sheriff and his surety were joint and several. The surety company filed a demurrer upon the grounds: (a) that the petition did not set forth a cause of action against either defendant named therein; (b) that if the allegations stated a cause of action, it appeared from the face of the petition that it had accrued

more than four years before the bringing of the suit, and was barred by the statute of limitations. The other defendants filed a demurrer which merely adopted the grounds of demurrer filed by the surety company. Both demurrers were sustained, and the case was dismissed as to each defendant. The plaintiff excepted, and on review the judgments of the trial court as entered upon each demurrer were reversed; this court holding: "1. The petition was a suit on the official bond of the sheriff, and set forth a cause of action. . . 2. The action, having been instituted within twenty years from the alleged breach of the bond, was not barred by the statute of limitations." *Slaton* v. *Morrison,* 144 *Ga.* 471 (87 S. E. 390). In rendering the decision there was a mistake as to the record, and it was said in the statement of facts that the executrix of the sheriff's will was a defendant, whereas the record showed that the codefendant of the surety company was the administrator upon the estate of the executrix, she having died after demand had been made upon her for the money alleged to have been illegally retained by the sheriff. The question is now raised whether, inasmuch as the suit was against the administrator of the executrix of the will of the sheriff as shown by the record, instead of the executrix as set out in the statement of facts by this court, the decision reversing the judgment on demurrer is conclusive. The suit as an action on the bond was maintainable against the surety company, without proceeding against the sheriff or his estate. Civil Code, §§ 291, 4906, 5596; *Governor* v. *Raley,* 34 *Ga.* 173 (3); *State of Georgia* v. *Henderson,* 120 *Ga.* 780 (4), 784 (48 S. E. 334); *Fourth National Bank* v. *Mayer,* 100 *Ga.* 87 (26 S. E. 83); 29 Cyc. 1464 (3). Under no view could the above-mentioned misstatement of the record affect the case relatively to the surety company. As to the other defendant, the administrator of the executrix of the will of the sheriff, it would make a difference. The administrator of the executrix did not by virtue of his office represent the estate of the sheriff, of which the executrix had been the legal representative. *Crafton* v. *Beal,* 1 *Ga.* 322; *Burch* v. *Burch,* 19 *Ga.* 174, 181, 183. He was not a party to the bond and would not be liable to the plaintiff on the bond. The liability of the estate of the executrix, if any, would be on account of having received the money of the plaintiff from the estate of the sheriff, mingled with the general estate left by him. A liability of that character would be affected by a different statute of limita-

tions from that applicable in the case of liability under the sheriff's bond. As to this defendant the decision of this court was predicated on a misunderstanding of the record, and the mistake was not discovered and corrected before the judgment of the Supreme Court was made the judgment of the trial court. Under the circumstances, the judgment of this court which reversed the judgment of the trial court sustaining the demurrer of the bond company is conclusive. *Allen* v. *Schweigert,* 113 *Ga.* 69 (38 S. E. 397) ; *Bank of Commerce* v. *New York Life Insurance Co.,* 131 *Ga.* 312 (62 S. E.. 179) ; *Southern Bell Tel. &c. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136). However, it is different with the demurrer of the administrator. As noted above, the decision as to that defendant was upon the erroneous assumption of fact that he was the representative of the sheriff's estate. To hold otherwise would commit this court to a ruling that was ·not intended. See, in this connection, *Cowart* v. *Williams,* 34 *Ga.* 167, 173, where this court interpreted its judgment as applicable only to the facts as they were incorrectly assumed to be, but refused to recognize its judgment as an adjudication upon a true and contrary state of facts discovered by it upon the subsequent appearance of the same case in this court.

2. As indicated in the preceding division, the suit was upon the sheriff's bond for a breach of official duty. The alleged breach consisted of an omission to pay over to the estate of J. P. Wilde the balance of the proceeds of sale of certain land, after having satisfied certain tax fi. fas. under which the land was sold. On the hypothesis that the evidence showed that after satisfying the tax fi. fas. the sheriff made an entry on his official sales book that the remainder of the proceeds of sale was to be "given to the heirs of J. Patterson Wilde," and that no demand for payment was made on the sheriff in his lifetime (he having died in December, 1905), or on the executrix of his will, until 1914, and that there was no administration upon the estate of Wilde until 1911, and that the principal sum sued for "was retained in the hands of the sheriff and had never been paid over to those entitled thereto," the Court of Appeals propound the following questions: If the defendants are to be held liable in the suit, should interest be charged against them in accordance with the verdict, or only from the date of the appointment of the administrator upon the estate of J. P. Wilde, and demand made upon the executrix?

Under the statement of the evidence made by the Court of Appeals, the possession of the money by the sheriff was rightful in its inception, the money having come into his hands lawfully in the due administration of his office. His relation to the surplus after satisfaction of the tax fi. fas. was fiduciary, the money being held by the sheriff for the estate of Wilde, the defendant in fi. fa. So long as rightfully so held, the estate could not demand interest. Before becoming liable for interest, the sheriff must have been guilty of a breach of duty to the estate of Wilde with respect to the payment of the money of the estate held by him, or of some other act amounting to a conversion. The mere fact that the sheriff retained the money because there was no one to whom he could lawfully pay it would not amount to such breach of duty, or to a conversion. Neither the expiration of the sheriff's term of office nor his death, considered alone, would change the status as affecting the duty to pay over the money. If there had been a legal representative of the estate of Wilde at the time of the sale, it would have been the duty of the sheriff to immediately pay it over to him; for it is declared in the Civil Code, § 1175: "If there is any excess after paying taxes and all expenses, it shall be immediately paid to the person authorized to receive it." But there being no legal representative, the sheriff would not have been authorized to pay it to any one else. Had he done so, such payment would have afforded him and his surety no protection as against creditors of Wilde, or such heirs as may not have participated in receiving the money. Retention of the money by the sheriff under such circumstances would be merely as custodian, and lawful. It is urged that it was the duty of the sheriff to pay the money into court, or to have procured other known relatives of Wilde, deceased, to take out administration upon the estate of Wilde. The reply is that the land was sold under tax fi. fas., and there is no provision of law for paying the surplus over to any court, and there is no statute making it the duty of the sheriff to procure some one competent in law to do so to administer the estate. In *Thompson* v. *Central Bank,* 9 *Ga.* 413, and *Davidson* v. *Story,* 106 *Ga.* 799 (32 S. E. 867), cited by counsel for the defendant in error, there were persons entitled to receive the money from the sheriff, to whom payment could have been lawfully made; and nothing said in the opinion in either case just cited militates against the ruling here made. The discussion in the former case extended to

the question of whether a demand by the plaintiff in fi. fa. upon the sheriff for money collected under a common-law fi. fa. was necessary before the statute of limitations would commence to run; and it was held that no demand was necessary, because it was the duty of the sheriff to pay over the money as soon as collected. In this case it is a question of the duty of a sheriff to pay over the surplus where property is sold under a tax fi. fa., and, as indicated above, the statute makes it the duty of the sheriff to pay the surplus immediately to the person entitled thereto. Civil Code, § 1175. Upon principle no demand upon the sheriff would be necessary. While the sheriff would not be under duty to pay the surplus until there was an administrator upon the estate of Wilde, to whom payment could lawfully be made, as soon as there was an administrator the duty to pay without demand would arise; and interest should be counted from that day.

*All the Justices concur.*