Neil McColgan, plaintiff in error, vs. Neil McKay, defendant in error.

*It is almost a matter of course, to let in new evidence on a point, to save a non-suit.*

Assumpsit, from Sumter county. Tried before Judge Allen, March Term, 1858.

Plaintiff, McColgan, sued defendant McKay on the following bill of particulars.

Neil McKay to Neil McColgan,         Dr.
To balance on settlement of partnership between you and me found, and acknowledge due me,      $520,00.

McColgan vs. McKay.

On the trial plaintiff offered in evidence an account, stating items particularly, signed by the defendant. The part of this bill of exceptions giving a copy of this account is written so badly as not to be readable. Defendant's counsel objected to the account upon the ground that there was no sufficient evidence to authorize the plaintiff to recover; upon which motion the Court remarked that he would allow it to go to the jury, to which the plaintiff excepted.

Plaintiff closed his case and defendant moved for a nonsuit, which the Court granted. The plaintiff moved to be allowed to open his case and prove that the paper which was admitted to be signed by defendant was given in 1853, after a full and final settlement of the partnership, set out in the declaration, and was an acknowledgment of an indebtedness of $520, from the defendant to the plaintiff, which the Court refused, holding that when the plaintiff closed his case, he closed taking all the responsibility of what the Court would decide, and the case could not be opened, especially. when the plaintiff had notice of the previous rulings of the Court in the case; whereupon plaintiff excepted, and assigns the same as error.

HAWKINS, for plaintiff in error.

McCAY, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

We think, that the motion of McColgan, the plaintiff, for leave "to open his case, and prove that the paper" " was an acknowledgment of an indebtedness for the amount of five hundred and twenty dollars," should have been granted; especially, as McColgan resisted the nonsuit, insisting that Courts have no power to grant a nonsuit against the consent of the plaintiff, and it is, at least, a very doubtful question whether he was not right in this position. See 1. *Pet. R* 469.

It is almost a matter of course, to let in evidence upon a point, to save a non-suit. The practice is commended by every consideration of expediency.

We think, then, that the Court below erred in refusing this motion.

Judgment reversed and case reinstated.