Parker vs. Fulton Association.

A. M. PARKER, plaintiff in error, vs. THE FULTON LOAN AND BUILDING ASSOCIATION, defendant in error.

1. Where an action was brought by a stockholder in a Building and Loan Association to recover back usury paid, in a settlement with them of the notes and mortgages executed for the sums of money he had received, and the plaintiff, being put upon the stand testified, among other things, that in such settlement, he had paid over $3,000 00 more than principal borrowed and legal interest and that the bill of particulars attached to his declaration was correct, and showed *prima facie* evidence of such fact, and there was no proof of the constitution and by-laws of such Association before the Court, and the Court granted a non-suit, and overruled the motion of plaintiff to open such case, and offer additional testimony :

*Held, first,* That usury voluntarily paid may be recovered back, under the laws of this State; Code, section 2025, declares the contract as to usury void, and is in affirmance of the principles of the common law, as has been settled by this Court, and is sustained by a long series of decisions, sanctioned by the highest and most eminent judicial authority:

2. *Held again,* Under the facts in this case, there was sufficient testimony to have caused the case to be submitted to the jury, and the settlement relied on, under the principle of accord and satisfaction, was not conclusive of the rights of the plaintiff, but constituted a defense which ought to have been submitted to the jury:

3. *Held again,* That the fact of plaintiff being a shareholder in such Association did not warrant the conclusive presumption against him, that there was no usury in its transaction; this may or may not appear from its constitution and by-laws, and the nature of its operations in loaning money, but without such proof it did not appear from the facts before the Court:

4. *Held again,* The motion to add additional testimony ought to have been allowed, under the rule laid down in *McColgan vs. McCay*, decided by this Court.

Non-suit. Usury. Accord and Satisfaction. Before Judge HOPKINS. Fulton Superior Court. November, 1870.

This cause is reported in the opinion.

ARNOLD & BROYLES, for plaintiff in error. What is usury: 21st Ga. R., 620; 11th N. Y. R., 368; 2 Cow. R., 705; 2 Parsons on C., 394; Chitty on Con., 704, and (n;) 7 Peters'

R., 109; Story on C., sec. 597. It may be recovered back, after voluntary payment: 1st Kelly, 140, 154, 155, 242; 6th Ga. R., 228; 10th 389; 2d Wend. R., 481; 7 Cow. R., 662. Court should have allowed other evidence: 25th Ga. R., 631.

HILLYER & BROTHER; A. W. HAMMOND & SON, for defendant. Usury purged by contract: Blydenburg on N., 33; 2d Stewart's R., 63; 1st Kelly, 403; 6th Ga. R., 253. Accord and satisfaction: R. Code, sec. 2827 *et seq.;* 21st Ga. R., 592; Mistake not caused by other party no cause of relief: R. Code, secs. 2594, 3055.

LOCHRANE, C. J.

This case was an action brought to recover back money paid as usury. The declaration sets forth that the defendant is indebted to the plaintiff, in the sum of $4,605 75, and is brought in the usual form of actions for money had and received, the items making up the usurious interest being attached as a bill of particulars. The defendant pleaded the general issue, and the case came on for trial. During the progress of the case in the Court below, the defendant also pleaded accord and satisfaction. The plaintiff was put up as a witness, and testified that the bill of particulars was correct, and that he had paid the defendant the items in said bill of particulars in payment of, and for the use and loan of the sums of money stated in said bill of particulars. He also testified, that he had paid $6,500 00, in city property, belonging to him, to the defendants, and upon which they held certain mortgages. The city property in the trade, was valued at $6,500 00, and he received $740 00, the amount the property in value exceeded the claims of the defendant. On cross-examination, he stated that he was a member of the Fulton Loan and Building Association, and that he had owned a hundred shares of its stock, and had borrowed on such shares, as a member of the Associatoin, in the usual mode in which such association lets out such funds to its members, and upon

the terms prescribed in its constitution and by-laws.   At each time a mortgage and note were executed for the security of the money borrowed; that the first sum he obtained from the Association, was at eighty-one per cent premium; that on the 8th of March, 1868, he had a settlement of the claims held against him, on account of the moneys he received or borrowed; that nothing was said about usury in the settlement; and in pursuance of such settlement, he conveyed the property, which was of the value of $6,500 00.

Plaintiff closed, and defendant moved for a non-suit, which the Court granted; when plaintiff moved the Court to proceed to introduce further evidence, which motion was objected to and sustained by the Court, and the non-suit was entered. The case comes before this Court from the exception filed to the judgment of the Court below, and the main and controlling question of this case, is whether there was sufficient *prima facie* evidence to have invoked, in this case, a submission to the jury.

This Court has held, that slight evidence will be sufficient to cause the case to be submitted to the jury for their decision; and the authority of this Court, by repeated decisions, sustains this proposition.   Was there testimony in this case sufficient to have it submitted to the jury?   It is argued that the settlement in this case operated as an accord and satisfaction, and, as it appeared from the testimony of the plaintiff himself, that it was conclusive, and barred the right of plaintiff to recover; that, conceding usury to have existed in the original contract, it was purged by the agreement and settlement of the parties, and was the compromise of a doubtful right disclosed by the testimony; in the fact that he was a shareholder in said Association, and, under the rule laid down in 21 *Georgia*, 592, relative to such Assciation, and money borrowed by shareholders therein.   It was also argued before us that usury paid on a contract extinguished, cannot now be recovered back in Georgia, there being nothing illegal or penal in it.   We have examined these various questions

with careful consideration, and will now proceed to deliver the judgment of the Court thereon.

1. And first as to whether usury voluntarily paid can be recovered back, under section 2025 of the Code. We do not deem it necessary to go into the history of usury, as this question has been the subject matter of much learned disquisition, and has attracted the attention of statesmen and legislators for nearly a century. This Court, in 1st Kelly, laid down the rule, that usury paid could be recovered back. In *Whitehead vs. Peck*, Judge LUMPKIN, in construing the Act of 1822, which declared that usurious contracts should not be void, seriously doubted whether usury voluntarily paid, could be recovered of or by anybody. Our Code declares the effect of usury is to annul and make void the contract for the usury. It does not provide for any remedy by suit, but leaves the question upon the principles settled by a long series of decisions, and sanctioned by the highest and most eminent judicial authority.

We are not unaware of the fact that cases may be cited under somewhat similarity of statutes, where a different construction has been ably maintained, as in 21 Texas, 441; 16 La., A. N., 217; 28 Ill., 519; 29 Ill., 184; 9 Iowa, 376; 12 Iowa, 300. The principle held is, substantially, that the statute gives a defense but not a right of action; that the plea of usury is a privilege the party could avail himself of, and his failing to do so deprived him of any remedy to recover back the usury paid.

But these innovations upon the common law are weighed down by an almost overwhelming mass of authority, and the opinion of Lord Ellenborough in ......... *vs.* ........., and the reasons he gave for the contrary doctrine have been sanctioned, if not with unanimity, with almost universal approval. In Vermont, Maine, Pennsylvania, New York, Tennessee, Indiana, Kentucky and Wisconsin, we have examined cases which support the rule laid down by this Court, in 1st Kelly, and subsequently sustained by this Court in 36 *Geor-*

*gia Reports*, 509.  And upon a fair construction of the section of the Code alluded to, with a full consideration of its history and the principles of law it was intended to enunciate, we are satisfied that it is but an affirmance of the principles of the common law, and concur in the decisions of this Court in the premises.

2. With the assertion, then, of this principle that usury paid may be recovered back, was there sufficient in the proof in this case to constitute slight evidence of usury in the transaction to which it referred? If there is, then we are not satisfied but what the Court below ought to have submitted to the jury the question in this case.  The settlement, as proven, was not in itself sufficient to have taken the case from the consideration of the jury.  It was not such conclusive evidence as barred the plaintiff's rights, but constituted such a defense to the recovery sought, as ought to have been submitted to the consideration of the jury upon the charge of the Court under the rules of law.  The fact that property was paid in such settlement, under the proof in this case, became *prima facie* the equivalent of money.  And the action for money had and received, could be maintained thereon. And that the excess was paid back to the plaintiff, would not change the general principle.  The proof in this case, in the opinion of this Court, was sufficient to have carried it to the jury upon the whole evidence to have been considered by them.  The loan and excess of interest over legal rates paid, made a case which required evidence of the nature and character of the loan.

3. The mere statement that he belonged to the Association did not authorize the conclusive presumption that there was no usury in its transaction.  This fact may or may not appear from its constitution and by-laws, and the nature of its operations; but without such proof it is impossible for the Court to arrive at any satisfactory conclusion, under the facts of the case.  From the evidence, for the use of the principal within one year, there appears to have been over $3,000 00

paid back more than principal and legal interest, and while this may be satisfactorily explained by proof, the Court cannot conjecture the mode or manner of arriving at it by the mere statement that he was a stockholder, and borrowed under the terms of its constitution and by-laws.

4. Again, in the opinion of this Court, the motion made to reopen the non-suit before it was entered, ought to have been allowed. In *McColgan vs. McCay,* it was held by this Court that it is almost a matter of course to let in new evidence on a point to save a non-suit. BENNING, delivering the opinion, states, the practice is commended by every consideration of expediency. And while the record does not disclose what additional proof was offered, that was a question subsequently to be determined. The motion was to open the case to introduce testimony. This ought to have been allowed, especially as it appears that the non-suit had not been entered on the minutes. And for these reasons we reverse the judgment of the Court below.