JOHN K. McCARTER, plaintiff in error, vs. EDWIN A. TUR-
NER et al., defendants in error.

1. Where a plaintiff, in 1869, sued two joint and several makers of a
   promissory note, executed in 1863, due one day after date thereof, and
   after the 1st day of January, 1870, dismissed the action against one of
   the defendants and obtained a judgment against the other, there being
   no plea filed by the latter, such dismissal was not a discharge of the
   defendant against whom the judgment was rendered. If the party
   against whom judgment was obtained was a surety and the other was
   principal, the rule would be different.
2. On the hearing of a bill filed by such defendant, praying an injunc-
   tion against the judgment and execution issued thereon, and one of
   the issues being whether the defendant, against whom the judgment
   was obtained, was the security of the party who was dismissed from
   the suit, the note not showing that fact, parol testimony is admissible
   to show what was the understanding and agreement of the parties to
   the note on that point, at the time of its execution.

Promissory notes. Joint and several liability. Principal
and security. Evidence. Before Judge HOPKINS. DeKalb
Superior Court. March Term, 1873.

On August 14th, 1869, McCarter brought complaint against
Turner and one H. H. Weaver upon the following note:

"One day after date, we or either of us promise to pay to
J. K. McCarter, or bearer, three hundred and fifty-five dollars
and seventy-one cents, for value received. This March 11th,
1863.
             (Signed)              "E. A. TURNER,
                                   "H. H. WEAVER."

Weaver filed an issuable plea, under oath. Turner made
no defense.

At the September term, 1870, the case was dismissed as to
Weaver, and a judgment rendered by the Court against Tur-
ner. The execution based upon this judgment was placed in
the hands of James Hunter, the sheriff of DeKalb county,
for levy, when Turner filed his bill against McCarter and
said sheriff, praying that they be enjoined from the enforce-

ment of said execution against him. The complainant set forth the above stated facts, and further, that the order of dismissal as to Weaver was taken late in the term, without the knowledge or consent of Turner, and after he had left the Court; also, that he was only a security for Weaver, and that, by the dismissal of the case as to him, after January, 1870, he was discharged from all liability, and that such discharge operated as a release of complainant.

The answer of McCarter admitted the allegations of the bill, except as to Turner being a security on said note. The averments upon this point were expressly denied.

The jury returned a verdict in favor of the complainant, and a decree was entered accordingly. The defendants moved for a new trial, upon the following grounds, to-wit:

1st. Because the Court allowed complainant, over the objection of defendant, to show that at the time the note was made, it was understood with McCarter that complainant was to be the surety of Weaver.

2d. Because the Court erred in charging the jury, "that if the evidence satisfied them that Turner and Weaver made the note sued on by McCarter prior to the 1st of June, 1865, in which they were co-obligors; that this note was sued by McCarter against Turner and Weaver, and that after January 1st, 1870, McCarter dismissed the suit as to Weaver, and took judgment against Turner alone, then Turner was discharged from all liability to McCarter, and they should find that Mc-Carter, be enjoined from the enforcement of the judgment thus rendered against Turner."

3d. Because the verdict was contrary to law and the principles of justice and equity.

The motion was overruled, and the defendants excepted upon each of the grounds aforesaid.

HILL & CANDLER, for plaintiffs in error, cited, as to the admissibility of parol evidence: Code, sec. 3138; 6 Ga. R., 65; 26 *Ibid.*, 427. As to release: Code, secs. 2712, 2811 42 Ga. R., 492.

McCarter *vs.* Turner *et al.*

L. J. WINN, for defendant, cited in support of the charge: Code, sec. 2811; Story's Prom. Notes, 425, 435; 1 Bouv. Ins., 307, 308; 42 Ga. R., 491.

TRIPPE, Judge.

1. We know of no authority going to the extent that if a creditor, holding a note on two joint and several contractors, brings suit against one only, and by his failure to join the other, or to sue him in a separate action, the debt is barred as against that other by the statute of limitations, that the party who is sued can, on that account, plead that he is released from liability. There is no provision in the statute giving the right to a mere co-obligor to order action to be brought, and on the failure of the creditor to obey, to claim a discharge.

If this right does not exist, and there be no power in him to direct the commencement of the action, we do not see how the fact of the creditor's dismissal of the suit as to one, even after the bar of the statute has attached, can give the claim of being released from the debt to the other. It is true if a creditor release one of two joint debtors, it operates as a release of the other: New Code, section 2862. But a release is always founded on some consideration moving the releasor thereto. If the claim of release is a mere promise, or without consideration, it can have no legal force. Merely not suing the one, whereby the statute discharges him, is not sufficient to discharge the other. It is the duty of each debtor in such a case to pay the debt, to pay it on its maturity. Whenever he does pay it, he has his right to demand contribution from his co-debtor. The creditor is under no obligation to him to procure a judgment through which he can the sooner obtain the reimbursement. Surely if one of the debtors be litigious, or contest the debt, whilst one has no defense, the latter has no claim on the creditor that he shall conduct the litigation, be put to the delay and expense of perhaps a long law suit for his benefit. Such were not the terms of the contract, nor is it the law of the contract.

2. But if the complaining co-debtor be a surety, and that fact be known to the creditor, the question is different. By express law the surety can give notice to the creditor and compel a suit within three months, or be discharged from the debt: New Code, section 2156. If the creditor were to bring action under such notice, and of his own motion dismissed it after the expiration of the three months, he could hardly claim that he had complied with the true intent and meaning of the law. Take, then, the case of a creditor who institutes suit against both principal and surety without notice to sue. Of course this puts the surety at his ease. He had the right, and a valuable right it is, to command the suit to be brought, without being forced to assert it, and by the voluntary act of the creditor he is relieved of the necessity of giving the notice. Can the creditor, in this state of the case, after the bar of the statute has attached, dismiss the principal from the suit? But we do not put this decision on the ground that the statute has attached to the debt, so as to prevent the security from recovering against his principal whatever he may pay in discharge of such debt. Indeed, in *Reid et al. vs. Flippen*, 47 *Georgia Reports*, page 273, it was held that the surety in such a case, would not be barred from suing his principal, although the statute would be a bar as between the creditor and the principal. The true reason of our holding is, that a creditor cannot, by voluntarily bringing suit, thus discharge the surety from the necessity of giving the notice, put him at ease and off his guard, and then, after the lapse of a considerable time, it may be after protracted litigation, suddenly, of his own motion, and without notice to the surety, dismiss the action as to the principal and claim the payment of the debt from the surety. It would be a legal cheat of the surety out of the protection the law gives to a favored class. Every right the law affords sureties it will strictly enforce. Their liability is *stricti juris*, and creditors must be astute not to infringe them.

A different ruling than the one we make, would give a creditor an unconscionable power over the rights of a surety, or the surety would be compelled, in the case of a suit being

voluntarily brought by the creditor, to do the surplus work of giving notice in writing to the creditor that he must not dismiss his action, even if that would be sufficient to protect him.

Upon the other question raised in this case, to-wit: When the note does not show the fact of suretyship, can the party claiming to be surety prove it by parol testimony? This has been so determined in two cases: *The Bank of St. Mary's vs. Mumford & Tyson,* 6 *Georgia,* 44; and *Higdon vs. Bailey et al.,* 26 *Georgia,* 426. We think these cases settle the question, and the testimony objected to by defendant in error was properly admitted by the Court. The charge of the Court was erroneous on the ground that it did not submit the fact to be determined by the jury whether Turner was or was not a surety. The evidence was conflicting on this point, and it is the controlling question in the case. The charge was, in substance, that if the plaintiff below sued Weaver and Turner on a note made before June, 1865, and after January 1st, 1870, dismissed the action as to Weaver, then Turner was discharged from liability. The jury should have been further instructed that to discharge Turner, it must further appear that he was security. On account of this omission, we are compelled to grant a new trial.

Judgment reversed.