13348, 13349.   CONE *v.* AMERICAN SURETY COMPANY;
and *vice versa.*

1. A motion to dismiss the writ of error in this case was made on the ground that at the time the case was tried in the city court of Thomasville that court was not a constitutional city court from which writs of error would lie to this court. The question was certified by this court to the Supreme Court, and in answer that court held as follows: "The city court of Thomasville is a constitutional city court from which writs of error will lie to the Court of Appeals of Georgia in cases which were tried therein prior to the act of July 24, 1922 (Ga. L. 1922, p. 300), which gives to the State the right to trial by a jury of twelve in all misdemeanor cases, and in cases tried in said court since the passage of that act." For full opinion of the Supreme Court see 154 *Ga.* 841 (115 S. E. 481). Under the foregoing ruling the motion to dismiss the writ of error in this case is overruled.

2. The official bond of the sheriff, upon which suit was brought in this case, was a joint and several obligation, and the court did not err in striking the sheriff as one of the defendants and allowing the case to proceed against the surety alone.

3. The striking of the principal from the suit did not operate to release the surety.

4. The sheriff and the surety company each filed a separate demurrer to the petition, and by a separate order each demurrer was overruled. Exceptions pendente lite were filed by the sheriff, but not by the surety company. The surety company cannot in a bill of exceptions filed by it assign error on the exceptions pendente lite filed by the sheriff.

5. The trial judge properly overruled a motion made at the trial of the case "to dismiss the petition, on the ground that no cause of action was set forth therein," the record showing that "at the appearance term, to wit, October 21, 1921, a general demurrer to the petition which had been previously filed by the American Surety Company came on to be heard, and an order was passed on said date overruling said general demurrer, and no exceptions of any sort were taken to said order by said defendant, American Surety Company."

6. The court erred in refusing to reopen the case for the introduction of additional testimony, and in thereafter granting a nonsuit.

DECIDED FEBRUARY 21, 1923.

Action on bond; from city court of Thomasville — Judge W. H. Hammond. January 17, 1922.

Suit was brought by Angie Cone against Herbert Kemp, deputy sheriff, and Gordon E. Davis, sheriff, as principals, and the American Surety Company as surety, on an official bond of the sheriff. At the appearance term an order was taken striking the deputy sheriff as one of the defendants. To this order no objection was made. At that term each of the other defendants filed a general demurrer to the petition, and these demurrers were overruled. The sheriff filed exceptions pendente lite, but the surety company did not file such exceptions. The cross-bill of exceptions shows that at the trial term an order was passed, over the objection of the American Surety Company, striking the sheriff as one of the defendants; and that " after said amendment was allowed, the defendant American Surety Company made a motion to dismiss the petition, on the ground that the striking of the principal from the suit operated to release the surety, and for that reason the plaintiff could not longer maintain the action against the defendant American Surety Company alone," and " the defendant American Surety Company likewise orally moved to dismiss the petition, upon the ground that no cause of action was set forth." To the overruling of these motions the American Surety Company excepted. The cross-bill of exceptions shows " that at the appearance term of said case the defendant Gordon E. Davis, who was the sheriff and the principal obligor in the bond sued on, presented a general demurrer to the petition, and, after argument had, the said demurrer was overruled. Exceptions pendente lite were duly certified and filed by the said defendant sheriff, complaining of said ruling overruling said general demurrer to the petition. The plaintiff in error in this cross-bill of exceptions now and here assigns error upon said exceptions pendente lite and upon the ruling overruling said general demurrer to the petition, and claims the right as the codefendant of the said sheriff to assign error upon said exceptions pendente lite, and to invoke a ruling upon the general demurrer to the petition filed by the said sheriff."

The main bill of exceptions shows that when plaintiff rested her

case " defendant's counsel moved for a nonsuit of the case, upon the ground that there was no evidence introduced to support the allegation made in plaintiff's petition that the said Herbert Kemp, deputy sheriff, was acting by virtue of a warrant which was placed in his hands by the said sheriff, and acting under color of office by reason of the fact that he had such warrant; which allegation was expressly denied in the answer of the defendant; and upon the further ground that the evidence does not show that the said deputy sheriff was acting either by virtue of his office or under color of office.  Upon the statement of the motion of the defendant to nonsuit, counsel for plaintiff requested the court, if there was doubt upon the court's mind as to whether the case had been proved, that they be allowed to recall a witness and make proof of the existence of said warrant and possession of the same by said deputy sheriff.  The court sustained said motion to nonsuit, in the following language: 'Upon motion of defendant a nonsuit is hereby granted in the within case, upon the ground that the plaintiff failed to prove the case as laid, in that the evidence failed to disclose that the deputy sheriff was acting under a lawful warrant or by virtue or under color of his office.'  The plaintiff in error then and there excepted  and now excepts to the judgment of the court granting said nonsuit, and assigns the same as error, upon the ground that it was contrary to law and contrary to evidence, insisting that the evidence did make out the case as laid in the petition.  Before any judgment of nonsuit was entered the plaintiff in error again requested the court for leave to reopen the case and recall a witness for the purpose of making proof of the existence of said warrant and of its possession by said Kemp, deputy sheriff, at the time of the commission of the act affording the basis of the suit, which request the court then and there denied, and to which ruling of the court the plaintiff in error then and there excepted, and now excepts and assigns the same as error, as being an abuse of discretion and contrary to law."

*P. C. Andrews, E. E. Cox,* for plaintiff.

*B. B. Earle, Pottle & Hofmayer,* for defendants.

BLOODWORTH, J. · (After stating the foregoing facts.)

Only the 2d, 3d, and 6th headnotes require elaboration.

2.  The court did not err in striking the sheriff as one of the defendants and leaving the case to proceed against the surety alone.

The official bond of the sheriff, upon which suit was brought in this case, was a joint and several obligation. The case of *Morrison* v. *Slaton,* 148 *Ga.* 294 (96 S. E. 422), was a suit against a surety company which had become surety on the official bond of a sheriff, and against the representative of the estate of the sheriff. In that case the Supreme Court held that "liability of the principal and surety upon the sheriff's bond was joint and several." In the opinion Justice Atkinson said: "The suit as an action on the bond was maintainable against the surety company, without proceeding against the sheriff or his estate. Civil Code, §§ 291, 4906, 5596; *Governor* v. *Raley,* 34 *Ga.* 173 (3); *State of Georgia* v. *Henderson,* 120 *Ga.* 780 (4), 784 (48 S. E. 334); *Fourth National Bank* v. *Mayer,* 100 *Ga.* 87 (2C S. E. 83); 29 Cyc. 1464 (3)." In *McMillan* v. *Heard National Bank,* 19 *Ga.* *App.* 148, 151 (91 S. E. 235), Judge Jenkins said: "The writings upon which suit was brought in this case are joint and several obligations. *Reid* v. *Flippen,* 47 *Ga.* 273; *Booth* v. *Huff,* 116 *Ga.* 8 (42 S. E. 38, 94 Am. St. R. 98). The liability on the notes being joint and several, it was the right of the holder to sue the principal and surety jointly, or, at his option, to sue either the principal or the surety alone. Civil Code, §§ 3553, 3559; *Howard* v. *Brown,* 3 *Ga.* 523; *Reid* v. *Flippen,* supra. Since the creditor thus has the right to bring his suit solely against the surety, a dismissal of the action against the maker in a joint action ordinarily works no injury to the surety, and he has no cause to complain thereof." In *Waldrop* v. *Wolff,* 114 *Ga.* 610, 617 (40 S. E. 830), Mr. Justice Cobb said: "Whenever the suit is against parties bound both jointly and severally, and the same is lawfully prosecuted to judgment against one of the original defendants, the plaintiff is entitled to a judgment against the surety on the bond, notwithstanding he may have failed to make out a case against one, or any other number, of the defendants originally sued. There is nothing in the case of *McCarter* v. *Turner,* 49 *Ga.* 309, which conflicts with the ruling just made. . . 'It is certainly settled, not only by the code, but by the decisions of this court, that in suits against two or more persons as joint and several contractors, or joint trespassers, other than as partners, if the suit be discontinued by the plaintiff, or dismissed by the court, as to one or more of those sued, the suit may proceed against the remaining defendants, and

if a recovery against them is warranted by the evidence, judgment may be rendered against them. See Civil Code [1895], § 5104 [now § 5688]; *McArdle* v. *Bullock,* 45 *Ga.* 89; *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 558-9." The *McCarter* case just referred to is relied upon by the plaintiff. In addition to the above quotations from Justice Cobb in reference to that case, Judge Jenkins, in *McMillan* v. *Heard National Bank,* supra, said: "In the case of *McCarter* v. *Turner,* 49 *Ga.* 309, strongly relied upon by counsel for the plaintiff in error, there was no question of suretyship involved, and, as pointed out by Justice Cobb in *Waldrop* v. *Wolff,* 114 *Ga.* 610 (40 S. E. 830), and by Justice Lumpkin in *Johnson* v. *Longley,* 142 *Ga.* 814 (83 S. E. 952), the reasoning of Judge Trippe in that case upon the question of a surety's discharge is purely obiter."

3. From what has been said above, it will appear that there is no merit in the contention that " the striking of the principal defendant from the suit operated to release the surety, and for that reason plaintiff could not longer maintain the action against the defendant American Surety Company alone." In the case of *McMillan* v. *Heard National Bank,* supra, this court held: " When a joint action is brought against the principal and the surety on a joint and several promissory note, and the plaintiff, by amendment, voluntarily dismisses his action against the principal, the surety is not thereby ipso facto discharged from liability." See also *Brooks* v. *Thrasher,* 116 *Ga.* 62 (2) (42 S. E. 473).

6. Under the particular facts of this case, as shown by the portion of the main bill of exceptions quoted in the foregoing statement of facts, we think that the court erred in refusing to reopen the case and allow the additional evidence to go to the jury. Immediately after counsel for the defendant made the motion to nonsuit, and, as far as the record shows, before the judge gave any intimation of his intention to grant the motion, counsel for the plaintiff asked the privilege of introducing other evidence to more fully develop the case. There is nothing in the record to show a disposition on the part of counsel for the plaintiff to trifle with the court or needlessly to consume time. Between the time that counsel for the defendant made the motion to nonsuit and the time that counsel for plaintiff made the motion to reopen the case for the introduction of additional testimony,

evidently only a very short time elapsed, and it is not contended that the defendant had dismissed any witnesses, or that it would in any way be placed in a worse position than if the evidence had been introduced before the plaintiff "rested." Indeed, no reason whatever appears why it would have been unjust to the defendant to have allowed the plaintiff to reopen the case. "In *McColgan* v. *McKay*, 25 *Ga.* 631, the court said: 'It is almost a matter of course to let in evidence upon a point to save a nonsuit. The practice is commended by every consideration of expediency.' And later, in *Parker* v. *Fulton Loan &c. Asso.*, 42 *Ga.* 452 (4), this ruling in the *McColgan* v. *McKay* case, supra, was approved, the court stating in that case that it was error to refuse the plaintiff's motion to offer testimony; especially since it appeared that non-suit had not been entered on the minutes. In *Pitts* v. *Fla. C. & P. R. Co.*, 98 *Ga.* 661 [27 S. E. 189], it was said: 'It may be stated broadly that the plaintiff is entitled as a matter of right to introduce evidence the effect of which will be to save him from a nonsuit. This doctrine was recognized in the case of *McColgan* v. *McKay*, 25 *Ga.* 632. In that case, after the plaintiff had closed, the defendant moved a nonsuit which was granted. The plaintiff moved to be allowed to open his case and submit other evidence, the effect of which would have saved a nonsuit. This was refused by the court and the plaintiff's cause dismissed. This judgment was reversed, and Benning, Judge, speaking for the court, says: "It is almost a matter of course to let in evidence upon a point to save a nonsuit. The practice is commended by every consideration of expediency." In a later case, *Parker* v. *Fulton Loan & Building Association*, 42 *Ga.* 456, this court approved the doctrine of the case last above referred to, and again reversed the trial judge for refusing to open the case to receive evidence the effect of which would have saved a nonsuit.' In *Penn* v. *G. S. & F. Ry. Co.*, 129 *Ga.* 856 [60 S. E. 172], the court said: 'Generally where counsel for a plaintiff has announced the plaintiff's evidence closed, but has omitted to introduce evidence by reason of accident, inadvertence, *or even because of a mistake as to the necessity for doing so in order to make out a prima facie case,* on motion the presiding judge will allow the case to be reopened and additional evidence introduced in order to prevent a nonsuit." (Italics ours.). See *Wickham* v. *Torley*, 136 *Ga.* 594

(2), 598 (71 S. E. 881, 36 L. R. A. (N. S.) 57). In *Ellenberg* v. *So. Ry. Co.,* 5 *Ga. App.* 390 (63 S. E. 240), the 2d headnote is as follows: "Except in rare cases, as where the defendant would be subjected to unfairness or undue prejudice, or where the plaintiff has given evidence of an intention deliberately to trifle with the court, or to delay the progress of the trial, it is an abuse of discretion for the trial judge to refuse to allow the plaintiff to introduce additional evidence sufficient to avoid a nonsuit." In the opinion in that case Judge Powell said: "While a trial judge has some discretion in refusing a request to reopen the case to supply testimony adequate to avoid a nonsuit, yet this discretion should be liberally exercised in behalf of allowing the whole case to be presented. It is the usual course to allow the additional evidence; and, whenever the trial judge refuses to allow it, some good reason should appear for such exercise of his discretion. The trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining the truth. Civil Code [1895], § 5142." In *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44, 48 (68 S. E. 743), this court quoted with approval the headnote quoted above from the *Ellenberg* case, and said: "As, in the broader light of our advancing intelligence, we more plainly see that the object of the trial is to reach the truth, the less is a progressive profession inclined to tolerate the observance of any technical rule which will tend only to test the skill and vigilance of the counsel, when it is at the expense of the real justice of the case."

Our ruling on this question is not only supported by the foregoing cases, but by other cases both in this and in the Supreme Court, and is in keeping with "the real justice of the case."

Without passing upon the status of the case when the plaintiff "rested" and the motion to declare a nonsuit was made, we think that had the evidence which was improperly withheld from the jury been before the court, the plaintiff would at least have made out a prima facie case and a nonsuit would have been prevented.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. Broyles, C. J., and Luke, J., concur.*