38021, 38040.   SERVICE CASUALTY COMPANY OF
NEW YORK *v.* CARR; and *vice versa.*

DECIDED JANUARY 21, 1960.

*Robert E. Knox, Cubbedge Snow, Martin, Snow, Grant & Napier,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

TOWNSEND, Judge. ■ The defendant insurance company was the movant in the plea to the jurisdiction and had the burden of sustaining its allegations by proper proof. From the record it appears that it first offered a deposition of one of its employees and rested; the defendant "thereupon moved the court to grant a nonsuit, and subject to such motion moved the court to direct a verdict in his favor" on stated grounds, and the trial court allowed the defendant to present further evidence, ruling that he had no discretion to refuse to allow the motion.

Since it does not appear that the plaintiff, who was the respondent in the trial of the plea to the jurisdiction, had also rested his case, the motion must be taken as a motion for nonsuit, it not having been made at a proper time to become a motion for a directed verdict and no motion for directed verdict having been made after both sides rested. This being so, the motion was not a proper foundation for a directed verdict. *Southwind Trucking Co.* v. *Harvey,* 96 *Ga. App.* 715 (101 S. E. 2d 223).

■ The only assignment of error insisted on in the main bill of exceptions is the grant of a new trial on the ground that the trial court erred in holding that he was without discretion in the matter of reopening the case after the insurance company had rested and allowing it to present additional evidence so as to supply the deficiency in proof to which the motion for nonsuit was directed. The judge who granted the new trial (the original judge having disqualified himself) held that this was error because the court did have the discretion of refusing or of allowing the case to be reopened for the purpose stated. The purpose was this: under Code (Ann.) § 56-601 venue of an action

against an insurance company may be obtained in a number of ways, one of which is that the company had an agent or place of doing business in the county of venue at the time the contract was made. The company in the first instance disproved every means of the plaintiff obtaining venue in McDuffie County except that it failed to show the date on which the contract of insurance was entered into and thus failed to carry the burden of disproving that venue might have been obtained under this provision. "It is almost a matter of course to let in evidence on a point to save a nonsuit. The practice is commended by every consideration of expediency." *McColgan* v. *McKay*, 25 *Ga.* 631. The failure to allow the case to be reopened for the introduction of such evidence has frequently been held reversible error, and in cases where the practice was followed it has been held that it would have been an abuse of discretion to do otherwise. See *Wickham* v. *Torley*, 136 *Ga.* 594 (4) (71 S. E. 881, 36 L. R. A. (NS) 57); *Parker* v. *Fulton Loan &c. Assn.*, 42 *Ga.* 451 (4); *Pitts* v. *Florida Central &c. R. Co.*, 98 *Ga.* 655 (2) (27 S. E. 189); *Ellenberg* v. *Southern Ry. Co.*, 5 *Ga. App.* 389 (2) (63 S. E. 240); *Cone* v. *American Surety Co.*, 29 *Ga. App.* 676 (6) (116 S. E. 648); *Bowers* v. *Fred W. Amend Co.*, 72 *Ga. App.* 714 (4) (35 S. E. 2d 15). To have refused the movant the right to prove the policy date under these circumstances would have been an abuse of discretion under these authorities; accordingly, a new trial should not have been granted because the court, in granting this right, stated he had no discretion to do otherwise.

■ The act of 1959 (Ga. L. 1959, pp. 353, 354), amending Code § 6-1806 provides that "if said new trial is granted solely upon any one or more special grounds said grant of a new trial shall be reviewable by the appellate courts and shall be reversed if the trial judge committed harmful error in granting said motion on any special ground." The plaintiff contends that the additional evidence offered by the insurance company was not legally sufficient to establish the date on which the insurance contract was entered into, for which reason the direction of a verdict in its favor was contrary to law. If this contention is sound, the grant of the new trial, although for an erroneous reason, would not be harmful error, and we accordingly consider

the sufficiency of proof on this point. The witness, an employee of the defendant, identified a disbursement sheet which was admitted in evidence without objection and which showed the date of the insurance contract as May 1, 1957, a date on which previous testimony had established that there was no agent or place of doing business of the defendant in McDuffie County. The disbursement sheet was identified as a permanent office record coming from the office file, prepared in Macon, Georgia, and forwarded to the Atlanta office. According to company routine the disbursement sheet on receipt is checked against the copy of the original policy, coded, and necessary corrections are made; it is then forwarded to the Jacksonville office, where the witness received it, and it bears the Jacksonville date stamp and comes from the files of Service Casualty in Jacksonville. In the absence of objection this is sufficient to establish that the paper was within the business records rule and that the policy date was as shown thereon. The defendant accordingly carried the burden of proving that no means existed by which venue could have been obtained against it in McDuffie County under the facts of this case. The grant of a new trial on a legally insufficient ground was accordingly not harmless error.

A motion for judgment notwithstanding the verdict must be based on a legally sufficient motion for a directed verdict. As there was no such preliminary motion in this case, the cross-bill, assigning error on the denial of the motion for a judgment notwithstanding the verdict is without merit. *Southwind Trucking Co.* v. *Harvey*, 96 *Ga. App.* 715, supra.

The trial court erred in granting the motion for a new trial in the main bill of exceptions. The trial court did not err in denying the motion for a judgment notwithstanding the verdict in the cross-bill of exceptions.

*Judgment reversed in case No. 38021. Judgment affirmed in case No. 38040. Gardner, P. J., and Carlisle, J., concur.*