### 40600. RICHARDSON v. POTTER et al.

Pannell, Judge. Plaintiff, a guest passenger of the defendant Adkins, brought an action to recover for damages received in a collision between a car driven by Adkins and a car belonging to Sisson and driven by Potter, the petition alleging in part as follows: Plaintiff does further show that as said vehicles approached each other from opposite directions, defendant Walter Brooks Adkins, with utter disregard for the safety of himself, his passengers and others, did drive his vehicle to the left, crossing said center line and the northerly bound traf-

fic lane of said highway, and onto the paved parking area of said Sand Hill Motel which was on the easterly side of said highway.

Plaintiff does further show that when defendant Adkins did so drive his vehicle to the left, defendant Delzon Burdette Sisson's agent, defendant Dennis E. Potter, driving his vehicle at a speed of 55 miles per hour did apply his brakes and skidded 40 feet and losing control of said vehicle did allow said vehicle to swerve and skid to the right where the front end of defendant Delzon Burdette Sisson's vehicle did strike with great force and violence the right front door area of defendant Walter Brooks Adkins' vehicle. The point of impact was just east of the edge of the paved portion of said highway with the right side of defendant Adkins' car at the east edge of said paved highway. Plaintiff's injuries and damages were caused by the following negligent acts of the defendants: (a) Defendant Adkins, in cutting across the northbound traffic lane when the other vehicle was approaching within approximately 250 and 300 feet, such act being in violation of Ga. L. 1953, Nov. Sess., pp. 556, 582; (b) Defendant Adkins in failing to drive his vehicle with ordinary care for the safety of others on the highway; (c) Defendant Adkins in failing to wait until the vehicle driven by defendant Potter had passed before crossing the north bound traffic lane, such constituting lack of ordinary care; (d) Defendant Potter in driving his vehicle after dark at a speed of 55 miles per hour, such act being in violation of Ga. L. 1953, Nov. Sess., pp. 556, 577, and negligence per se; (e) Defendant Potter in failing to drive his vehicle with due care for the safety of others using the highway; (f) Defendant Potter in failing to have his vehicle under proper control; (g) Defendant Potter in failing to drive his vehicle to the left after he ascertained the presence of Adkins' vehicle across the northbound traffic lane and thus avoid the collision; (h) Defendant Sisson in all acts of defendant Potter, defendant Potter being agent of defendant Sisson; (i) Defendant Sisson in allowing defendant Potter, a youth of 16 years of age, to operate his vehicle upon a heavily traveled main highway at a rapid and excessive rate of speed with said speed being 55 miles per hour at 12:15 a.m., all of which things were known to the defendant Sisson.

The defendant Adkins was stricken as a party on oral motion

on the grounds that the petition alleged no gross negligence as against him. There is no exception to this ruling. The plaintiff's evidence failed to show that the automobile being driven by Potter was being driven in excess of 50 miles per hour; failed to show that he did not have his vehicle under control; failed to show that Potter was driving his vehicle without due care for the safety of others using the highway; failed to show that Potter had an opportunity to drive to the left and avoid the collision after he ascertained or could have ascertained the presence of Adkins' car in Potter's lane of traffic; failed to show that at the time and place of collision the highway was a heavily traveled main highway.

When plaintiff rested, the defendant made a motion for nonsuit and prior to the decision of the trial judge on the motion plaintiff made a motion to reopen the case so as to permit her to introduce the testimony on cross examination of the defendant Adkins. The trial judge sustained the motion for nonsuit and refused to permit the plaintiff to reopen the case. The case is before this court for review of these rulings of the trial judge. A motion to dismiss the bill of exceptions in this court was made by the defendant in error.

1. The motion to dismiss the bill of exceptions on the grounds that the brief of evidence was not approved at the time the bill of exceptions was presented to the trial court is overruled. The decision of the Supreme Court in *Blalock v. Blalock*, 214 Ga. 586 (2) (105 SE2d 721), construing its own decision in *Days v. Atlanta &c. R. Co.*, 101 Ga. 785 (29 SE 21), is controlling upon this court. Therefore, a brief of the evidence approved prior to or at the time the bill of exceptions is certified and approved as true is approved in time and properly includable in the record sent to this court.

2. While on a motion for nonsuit the evidence and all legitimate inferences therefrom should be construed in favor of the plaintiff, *Caldwell v. Knight*, 92 Ga. App. 747 (2) (89 SE2d 900), and although there may be no conflict in the evidence, matters should be left to the jury where reasonable men might differ as to the inferences to be drawn from certain evidence, *Elrod v. McConnell*, 170 Ga. 892 (1) (154 SE 449); yet, where as in the instant case, indulging in all reasonable inferences from the evidence adduced, no facts appear from which it could be inferred that the defendants were negligent, a nonsuit was proper.

3. The plaintiff also assigns error on the refusal of the trial judge to permit her to reopen the case and introduce the cross examination of Walter B. Adkins contained in a deposition taken in behalf of the defendants in error pending the action. *Code Ann.* § 38-2101 (d) provides in part as follows: "(3) The deposition of a witness, whether or not a party, taken upon written interrogatories, may be used by any party for any purpose if the court finds: 1, that the witness is dead; or 2, that the witness is out of the county unless it appears that the absence of the witness was procured by the party offering the deposition; or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, that because of the nature of the business or occupation of the witness it is not possible to secure his personal attendance without manifest inconvenience to the public or to third persons; or 6, that the witness will be a member of the General Assembly and that the session of the General Assembly will conflict with the session of the court in which such case is to be tried. (4) The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial. The use of the deposition shall not be ground for excluding the witness from testifying orally in open court." Assuming, without deciding, that the refusal of the trial judge to reopen the present case after motion for nonsuit made, may have been error if the evidence offered was admissible, *McColgan v. McKay*, 25 Ga. 631, *Parker v. Fulton Loan &c. Assn.*, 42 Ga. 451, *Penn v. Georgia, Sou. &c. R. Co.*, 129 Ga. 856 (60 SE 172), *Rice v. Ware & Harper*, 3 Ga. App. 573 (1b) (60 SE 301), *Ellenberg v. Southern R. Co.*, 5 Ga. App. 389 (2) (63 SE 240), *Cone v. American Surety Co.*, 29 Ga. App. 676 (6) (116 SE 648), the failure to reopen the case to admit inadmissible evidence under such circumstances could not be termed erroneous; and, it not appearing from the record that the requirements of subparagraph (3) above were met so as to make the evidence admissible in the form presented, or that facts exist indicating the trial judge abused the discretion given him in subparagraph (4), the action of the trial judge must be affirmed. As was said in *Stubbs v. Central Bank of Ga.*, 7 Ga. 258 (4), 262, "We can indulge in no

presumption against the regularity of the proceedings below. The party who challenges the legality of the proceedings of inferior tribunals, must prove the error by the record."

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED APRIL 8, 1964.

*A. S. Dodd, Jr.,* for plaintiff in error.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Reginald C. Haupt, Jr., Allen & Edenfield, Francis W. Allen, Adams, Adams & Brennan, Edward T. Brennan,* contra.