GREGORIO RUIZ ADAMES, Plaintiff and Appellee, *v.* INSURANCE COMPANY OF PUERTO RICO and MIGUEL A. DÍAZ, Defendants and Appellant the former.

No. R-66-404.        Decided November 15, 1967.

*Vicente Santori Coll* for appellant. *Guillermo Ruiz Ramos* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

This case involves the liability of Miguel A. Díaz, owner and driver of an automobile, for the injuries suffered by appellee Ruiz Adames, his companion, as a result of the collision of said vehicle, while Díaz was driving it on his right-hand side but close to the white center line of the highway, with another vehicle which was going in the opposite direction and swerved and invaded Díaz' lane. Because it was not established that Díaz had time to swerve to his right or to take the necessary precaution to avoid the accident, we conclude that he is not liable for the injuries suffered by appellee.

Let us see the circumstances of the case in detail.

The trial court made the following findings:

"On February 15, 1965, plaintiff was invited by the defendant, Miguel A. Díaz, to accompany him to Manatí on business matters. Upon returning to Arecibo, about eleven-thirty at night, defendant, Miguel A. Díaz, was driving his vehicle close to the center line in a small semicurve in the Ward Santana of Arecibo, close to the Central Cambalache, at a speed of approximately 45 miles per hour. At that place, in the opposite direction, another vehicle was travelling driven by a person who has not been included as defendant party in this case, who invaded the lane in which Miguel A. Díaz' automobile was travelling, both vehicles colliding by the left front headlight. At the moment of the collision, defendant's vehicle re-

mained in the place in which he was driving due to the injuries suffered; the other vehicle, which was travelling from Arecibo to San Juan, continued running and stopped in the drive-walk where the collision occurred, at a distance of about 80 feet.

"According to the credit-worthy evidence offered, the defendant was not blinded by the lights of the vehicle which invaded his lane, nor did he swerve to avoid the accident, although the highway in that place is not wide, it has drive-walks and two vehicles can occupy each lane."

Said court concluded that:

". . . the proximate cause of the accident, to which this case refers, was the negligence of the driver of the vehicle who has not been sued herein, and who invaded the lane of defendant, Miguel A. Díaz, as well as the negligence of the latter, who did not reduce his speed when he saw the lights of said vehicle, nor did he swerve to the right of his lane and drive-walk, nor did he take the necessary precaution to avoid the accident, although he had sufficient space to swerve."

In view thereof, Díaz and the appellant were ordered to pay the plaintiff $3,000 in addition to the costs and $300 for attorney's fees.[1]

Appellant sets forth that the trial court erred in concluding that Díaz handled and operated his vehicle negligently and that was the proximate cause of the accident.

It seems obvious from the evidence presented that:

---

[1] In *Pagán* v. *Guardiola*, 78 P.R.R. 372 (1955), we said that the driver of a private vehicle, or its owner in cases where the owner is liable, has the same duty to preserve the life of an invitee as that of any other occupant who is not his invitee. This is also the doctrine of the common law except in those jurisdictions which have adopted the so-called guest statutes. *Babcock* v. *Jackson*, 191 N.E.2d 279, 284 (N.Y. 1963). *Cf. Morales Muñoz* v. *Castro*, 85 P.R.R. 275 (1962). In *Flores* v. *F. & J. M. Carrera, Inc.*, 83 P.R.R. 320 (1961), we reaffirmed the doctrine that the negligence of the driver of a vehicle cannot be imputed to a passenger therein. In *Martínez* v. *Comunidad M. Fajardo*, 90 P.R.R. 451 (1964), we reaffirmed the doctrine that the owner of a vehicle is not liable for the injuries suffered by the invitee of the driver of the vehicle when it is established that said driver did not need the invitee to fulfill his duty.

(1) the collision occurred suddenly;

(2) the other vehicle swerved at a great speed when it was close to Díaz' vehicle;

(3) Díaz' vehicle remained in the same lane in which he was driving;

(4) there was no evidence at all of the approximate time elapsed between the moment in which Díaz and appellee saw the other vehicle swerve towards them and the moment of the collision, therefore there is no ground to conclude that Díaz had the opportunity to swerve to his right, and thus avoid the accident;

(5) in asking appellee if there was a way to avoid the accident, he testified that:

"Because he [Díaz] was driving close to the white line, that is, he was driving along the right-hand side, and the other it seems was driving quite rapidly, that if he swerved a bit . . . that was so quick that he ran into Mr. Miguel . . . ."

Later he testified, with reference to the vehicle which swerved:

"The car was coming along all right, but the speed between both cars, it left the lane and struck . . . ."

And he repeated:

"and the collision happened so rapidly."

He also said that Díaz' vehicle received the blow "On the side where Miguel was seated."

■■■ The general rule of law is that the driver of an automobile can assume that vehicles driven in opposite directions shall observe the law of the road and remain on the right-hand side thereof. This rule, however, does not relieve the driver of a motor vehicle from using ordinary care to avoid an impending collision. *Zanetti Bus Lines Inc.* v. *Hurd*, 320 F.2d 123, 126 (10th Cir. 1963). When said driver sees that another vehicle is coming towards him in his own lane, he should exercise the care of a reasonably prudent

person to avoid an accident, but his duty to swerve or to take other measures to avoid the accident does not rise until it is obvious that the driver who is in the wrong lane does not seem to have any intentions of changing his direction. Since a motorist is not required to anticipate that an approaching vehicle will suddenly swerve into his lane, when that happens it is generally held that there is no negligence on the part of the motorist driving in the proper lane, and he is not himself responsible for the consequences of any ensuing collision if he does all that a reasonably careful person would have done to prevent it. 2 Blashfield, Automobile Law and Practice 552–554 (3rd ed. 1965).

■ The sudden emergency rule has been applied on behalf of the driver of a car, who, when confronted by the emergency of the sudden swerve towards his own lane of another vehicle which approaches him in the opposite direction at a great speed, does nothing but continue on his course. *Zenith Transport Ltd. v. Bellingham National Bank*, 395 P.2d 498 (Wash. 1964); *Redeen v. Bynum*, 123 S.E.2d 734 (N.C. 1962); *Horton v. Greyhound Corporation*, 128 S.E.2d 776 (S.C. 1962); *Minear v. Engel*, 337 P.2d 693, 696 (Kan. 1959), *Lamarque v. Masse*, 71 A.2d 100, 102 (R.I. 1950).

■ When a driver sees that another vehicle approaches him from the opposite direction in the same lane to the right in which the former was travelling in time to avoid the collision, by stopping or by other means, his obligation is to act in one of these ways. But in the absence of evidence tending to show that there was that opportunity, it is not proper to conclude that he was negligent in not acting. *Richardson v. Potter*, 136 S.E.2d 493 (Ga. 1964); *Lamarque v. Masse, supra.*

In view of the fact that there was no evidence that Díaz had a reasonable opportunity to swerve to avoid the accident in this case and that, on the contrary, the evidence tends to show that the other vehicle crossed the white line of the

highway at a speed of 60 to 80 miles per hour, and that the collision occurred with great rapidity, we are bound to conclude that Díaz was not negligent, and therefore he should not be held liable for the injuries suffered by appellee as a result of said accident.

Considering the foregoing, the judgment rendered, by the Superior Court, Arecibo Part, on November 21, 1966, will be reversed and the complaint will be dismissed.