GREGORIO RUIZ ADAMES, demandante y recurrido, *v.* INSURANCE COMPANY OF PUERTO RICO y MIGUEL A. DÍAZ, demandados y recurrente la primera.

*Número:* R-66-404          *Resuelto:* 15 de noviembre de 1967

*Vicente Santori Coll,* abogado de la recurrente; *Guillermo Ruiz Ramos,* abogado del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Ramírez Bages emitió la opinión del Tribunal.

En este caso se trata de la responsabilidad de Miguel A. Díaz, dueño y conductor de un automóvil, por las lesiones sufridas por el recurrido Ruiz Adames, su acompañante, con motivo del choque de dicho vehículo, mientras Díaz lo conducía por su derecha pero cerca de la línea blanca pintada en el medio de la carretera, con otro vehículo que se dirigía en dirección contraria y que se desvió e invadió el carril por donde iba Díaz. En vista de que no se estableció que Díaz tuvo oportunidad de desviarse a su derecha o tomar alguna otra precaución para evitar el accidente, concluimos que no procede responsabilizarlo por las lesiones sufridas por el recurrido.

Veamos las circunstancias del caso en detalle.

El tribunal de instancia hizo las siguientes determinaciones de hecho:

"El 15 de febrero de 1965 el demandante fue invitado por el demandado, Miguel A. Díaz, para que lo acompañara a Manatí en gestiones de negocios. Al regresar hacia Arecibo, como a las once y media de la noche, el demandado, Miguel A. Díaz, conducía su vehículo pegado a la línea blanca en una pequeña semicurva que existe en el Barrio Santana de Arecibo, cerca de la Central Cambalache, a una velocidad de 45 millas aproximadamente. En ese sitio, en dirección contraria, viajaba otro vehículo conducido por una persona que no ha sido incluida como parte demandada en este caso, quien invadió el carril por donde estaba el vehículo del demandado, Miguel A. Díaz, chocando am-

bos vehículos por el frente de su parte izquierda cerca del foco izquierdo. Al producirse el choque, el vehículo del demandado quedó en el sitio por donde discurría debido a los daños sufridos; el otro vehículo, que viajaba de Arecibo hacia San Juan, continuó en movimiento yendo a detenerse en el paseo del carril donde se produjo el choque, como a 80 pies de distancia.

De acuerdo con la prueba ofrecida digna de crédito, el demandado no fue enfocado por las luces del vehículo que invadió su carril, ni se desvió para evitar el accidente, a pesar de que en ese sitio la carretera es ancha, tiene paseos y caben dos vehículos en cada carril."

Concluyó dicho tribunal que:

". . . la causa próxima del accidente a que se refiere en este caso, lo fue tanto la negligencia del conductor del vehículo que no ha sido aquí demandado, y que invadió el carril por donde discurría el demandado, Miguel A. Díaz, como también la negligencia de éste último, quien al observar las luces de dicho vehículo, no redujo la velocidad, no se desvió hacia la derecha de su carril y paseo, ni tomó precaución otra alguna para evitar el accidente, a pesar de que había sitio suficiente para desviarse."

En tal virtud condenó a Díaz y a la recurrente a pagar al demandante $3,000 más las costas y $300 de honorarios de abogado. [1]

La recurrente apunta que incidió el tribunal de instancia al concluir que Díaz fue negligente en el manejo y operación de su vehículo y eso fue la causa próxima del accidente.

---

[1] En *Pagán* v. *Guardiola,* 78 D.P.R. 388 (1955), dijimos que el dueño o conductor de un vehículo privado tiene la misma obligación de preservar la vida de un invitado que la vida de cualquier otro ocupante que no resulte invitado suyo. Ésta es también la doctrina de la ley común excepto en aquellas jurisdicciones que han adoptado el llamado estatuto sobre acompañantes (*guest statutes*). *Babcock* v. *Jackson,* 191 N.E.2d 279, 284 (N.Y. 1963). Cf. *Morales Muñoz* v. *Castro,* 85 D.P.R. 288 (1962). En *Flores* v. *F. & J. M. Carrera, Inc.,* 83 D.P.R. 332 (1961), reafirmamos la doctrina de que la negligencia de un conductor no es imputable a su acompañante. En *Martínez* v. *Comunidad M. Fajardo,* 90 D.P.R. 461 (1964), reafirmamos la doctrina de que el dueño de un vehículo no es responsable por las lesiones sufridas por el acompañante invitado del conductor del vehículo cuando se establece que dicho conductor no necesitaba al acompañante para cumplir su encargo.

Resulta evidente de la prueba presentada que:

(1) el choque ocurrió súbitamente.

(2) el otro vehículo se desvió a gran velocidad cuando estaba cerca del de Díaz.

(3) el vehículo de Díaz permaneció en el mismo carril por donde iba.

(4) no hubo prueba alguna de estimado de tiempo transcurrido entre el momento en que Díaz y el recurrido vieron al otro vehículo desviarse y avanzar hacia ellos y el momento del choque, de manera que no hay base para concluir que Díaz tuvo oportunidad de desviarse a su derecha, y así evitar el accidente.

(5) al preguntársele al recurrido si hubo manera de evitar el accidente, testificó que:

"Porque venía [Díaz] más a la línea blanca, o sea, venía por su derecha y el otro parece que venía bastante rápido, que si se desvía un poco . . . aquello fue tan rápido que chocó al Sr. Miguel . . ."

Más adelante testificó, con referencia al vehículo que se desvió:

"El carro venía bien, pero la ligereza entre los dos carros y fue y se salió y dió . . ."

Y repitió:

"y el choque fue tan rápido"

También dijo que el vehículo de Díaz recibió el choque "En el lado donde iba Miguel."

La regla general de derecho es que el conductor de un automóvil puede asumir que los vehículos conducidos en dirección opuesta observarán la ley del camino y se mantendrán a su derecha. Esta regla, sin embargo, no releva al conductor de un vehículo de motor de usar el debido cuidado para evitar una colisión inminente. *Zanetti Bus Lines Inc.* v. *Hurd*, 320 F.2d 123, 126 (10th Cir. 1963). Cuando dicho

conductor percibe que por su propio carril avanza otro vehículo hacia él, debe éste ejercer el cuidado de una persona razonablemente prudente para evitar un accidente, pero su deber de desviarse o tomar otras medidas para evitar el accidente no surge hasta que resulta aparente que el conductor que transita por el carril equivocado no demuestra intenciones de alterar su curso. Como no se requiere que un conductor deba anticipar que un vehículo que se aproxima de la dirección opuesta ha de desviarse súbitamente hacia el carril del primero, cuando esto ocurre, generalmente se sostiene que el conductor que va por el carril apropiado no ha sido negligente y no es responsable de las consecuencias del accidente si hizo todo lo que una persona razonablemente cuidadosa hubiese hecho para evitarlo. Blashfield, *Automobile Law and Practice*, 3rd ed. (1965), vol. 2, págs. 552–554.

■ La doctrina de la súbita emergencia es aplicable al caso del conductor que, al confrontarse con la emergencia creada por la súbita desviación hacia su carril de otro vehículo que se aproxima a gran velocidad de la dirección opuesta, no actúa sino que continúa en el curso que lleva. *Zenith Transport Ltd.* v. *Bellingham National Bank*, 395 P.2d 498 (Wash. 1964); *Redeen* v. *Bynum*, 123 S.E.2d 734 (N.C. 1962); *Horton* v. *Greyhound Corporation*, 128 S.E.2d 776 (S.C. 1962); *Minear* v. *Engel*, 337 P.2d 693, 696 (Kan. 1959); *Lamarque* v. *Masse*, 71 A.2d 100, 102 (R.I. 1950).

■ Cuando un conductor observa que otro vehículo se le aproxima de la dirección opuesta por el mismo carril a su derecha por el cual aquél se dirige, a tiempo para evitar la colisión, bien deteniéndose o por otros medios, su obligación es actuar en una de estas formas. Pero en ausencia de prueba tendiente a demostrar que tuvo esa oportunidad, no procede concluir que fue negligente al dejar de actuar. *Richardson* v. *Potter*, 136 S.E.2d 493 (Ga. 1964); *Lamarque* v. *Masse*, supra.

En vista de que no hubo prueba de que Díaz tuvo una oportunidad razonable de desviarse para así evitar el accidente en este caso y de que, por el contrario, la prueba tiende a demostrar que el otro vehículo cruzó la línea blanca de la carretera a una velocidad de 60 a 80 millas y la colisión ocurrió con gran rapidez, nos vemos obligados a concluir que Díaz no fue negligente y por lo tanto no debe ser responsabilizado por las lesiones sufridas por el recurrido con motivo de dicho accidente.

*Considerado lo expuesto, se revocará la sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 21 de noviembre de 1966 y se desestimará la demanda.*

